UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION


**BISHOP PERRY,**

        **Plaintiff,**                    **CIVIL ACTION NO. 15-cv-13930**

        **v.**                           **DISTRICT JUDGE AVERN COHN**

**BRITTANY COUSINS,**               **MAGISTRATE JUDGE MONA K. MAJZOUB**

        **Defendant.**
_____/


## REPORT AND RECOMMENDATION

Plaintiff Bishop Perry, currently a prisoner at the Macomb Correctional Facility in New Haven, Michigan, filed this *pro se* matter under 42 U.S.C. § 1983 against Defendant Brittany Cousins, alleging that she violated his First Amendment Rights by filing a false misconduct ticket against him in retaliation for helping another prisoner file a formal complaint against Defendant. (Docket no. 1.)  Plaintiff seeks compensatory and punitive damages, injunctive relief, attorney fees and costs, and any other relief that the Court deems equitable.

Before the Court are Defendant's Motion for Summary Judgment (docket no. 11), Plaintiff's Motion for Discovery and Interrogatories and Deposition (docket no. 14), Plaintiff's Motion to Appoint Counsel (docket no. 16), and Plaintiff's Motion Objecting to the Defendant's Protective Order (docket no. 17). Plaintiff has filed a Response to Defendant's Motion for Summary Judgment. (Docket no. 12.) All pretrial matters have been referred to the undersigned for consideration. (Docket no. 7.)  The undersigned has reviewed the pleadings, dispenses with a

hearing pursuant to Eastern District of Michigan Local Rule 7.1(f), and issues this Report and Recommendation.

## I.   RECOMMENDATION

For the reasons that follow, the undersigned recommends that Defendant's Motion for Summary Judgment (docket no. 11) be **GRANTED** and Plaintiff's outstanding Motions (docket nos. 14, 16, and 17) be **DENIED** as moot.

## II.   REPORT

### A.  Factual Background

Plaintiff alleges that on April 12, 2015, he was helping another prisoner file a formal complaint against Defendant for verbal harassment and for threatening to put the prisoner in segregation. (Docket no. 1 ¶ 2.) While Plaintiff was helping the prisoner, Defendant allegedly approached them and told the prisoner that "she has it out for anyone that assist[s]" the prisoner in filing the complaint, and she also allegedly threatened Plaintiff with a misconduct ticket and placement in segregation for assisting the prisoner. (*Id*. at ¶ 3.)

That evening, Defendant was making her rounds and saw a shirt covering the window of Plaintiff's cell. (Docket no. 11-2 at 2.) Defendant knocked on the door and yelled for Plaintiff to take the shirt down. (*Id*.) Plaintiff removed the shirt, but re-covered the window ten minutes later. (*Id*.) Shortly after Plaintiff re-covered the window, Defendant opened the door without announcing her presence and entered the cell, where she observed Plaintiff with his penis exposed. (*Id*.) Defendant then wrote Plaintiff a misconduct ticket, in which she alleged that Plaintiff intentionally exposed himself to her and disobeyed her direct order to cover himself. (*Id*.) Plaintiff was found not guilty of both allegations at a Misconduct Hearing. (*Id*.)

On April 28, 2015, Plaintiff submitted a Step I grievance against Defendant, which generally alleged inhumane treatment and sought information concerning Defendant. (Docket no. 11-3 at 8.) The Michigan Department of Corrections (MDOC) returned the Step I grievance response to Plaintiff on May 19, 2015. (*Id.*) The response informed Plaintiff that the grievance was rejected as vague, reasoning that the grievance must "minimally indicate **who** [the prisoner is] grieving and **what** they did." (*Id.* (emphasis in original).) The response also noted that Plaintiff filed the grievance in retaliation for Defendant issuing the sexual misconduct ticket. (*Id.*) Plaintiff appealed this rejection by submitting a Step II grievance that said, "All issues and parties from Step I carry over to Step II." (*Id.* at 6.) The MDOC received the Step II grievance on June 12, 2015, and thereafter denied it because the grievance did not specify "the staff member[] involved, who did what, and how these alleged actions violated what policy." (*Id.* at 7.) Plaintiff then submitted a Step III grievance appeal, which was also denied. (*Id.* at 5.)

Plaintiff filed the instant complaint on November 5, 2015, claiming that Defendant retaliated against him, in violation of his First Amendment Rights, by writing him a false misconduct ticket for helping another prisoner file a complaint against Defendant. (Docket no. 1 ¶13.) Defendant then filed a Motion for Summary Judgment, claiming that the case should be dismissed because Plaintiff did not exhaust his administrative remedies before filing suit, as required by 42 U.S.C. § 1997e(a). (Docket no. 11 at 8.) Specifically, Defendant argues that Plaintiff failed to properly exhaust his administrative remedies because, although Plaintiff fully appealed the grievance decision through Step III, the grievance failed to allege any specific conduct against Defendant. (Docket no. 11 at 13.) Additionally, Defendant alleges that Plaintiff's Step II grievance was not received within the 10-business-day window required under MDOC Policy Directive 03.02.130(BB). (*Id.*)

### B.  Governing Law

Summary judgment is appropriate where the moving party shows that there is "no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a).  The moving party has the burden of showing an absence of evidence to support the non-moving party's case. *Covington v. Knox Cnty. Sch. Sys.*, 205 F.3d 912, 915 (6th Cir. 2000).  Rule 56 expressly provides that:

> A party asserting that a fact cannot be or is genuinely disputed must support the assertion by:
>
> (A) citing to particular parts of materials in the record, including depositions, documents, electronically stored information, affidavits or declarations, stipulations (including those made for purposes of the motion only), admissions, interrogatory answers, or other materials; or
>
> (B) showing that the materials cited do not establish the absence or presence of a genuine dispute, or that an adverse party cannot produce admissible evidence to support the fact.

Fed. R. Civ. P. 56(c)(1).  "The court need consider only the cited materials, but it may consider other materials in the record." Fed. R. Civ. P. 56(c)(3).

Once the moving party has met its burden of production, the non-moving party must come forward with significant probative evidence showing that a genuine issue exists for trial. *Covington*, 205 F.3d at 915.  A mere scintilla of evidence is insufficient to defeat a properly supported motion for summary judgment; rather, "there must be evidence on which the jury could reasonably find for the [non-moving party]." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 252 (1986).  Ultimately, a district court must determine whether the record as a whole presents a genuine issue of material fact, drawing "all justifiable inferences in the light most favorable to the non-moving party." *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 587 (1986)*; Hager v. Pike County Bd. Of Educ.*, 286 F.3d 366, 370 (6th Cir. 2002).

### C. Analysis

Defendant argues that summary judgment is appropriate because Plaintiff has failed to exhaust his administrative remedies under the Prison Litigation Reform Act (PLRA). (Docket no. 11.) The PLRA requires that a prisoner exhaust all administrative remedies before filing a Section 1983 action. Specifically, the statute provides that "[n]o action shall be brought with respect to prison conditions under section 1983 . . . , or any other Federal law, by a prisoner confined in any jail, prison, or other correctional facility until such administrative remedies as are available are exhausted." 42 U.S.C. § 1997e(a). The exhaustion requirement is mandatory and requires a prisoner to comply with state procedural rules such as time limits for filing grievances and other critical procedural rules. *Jones v. Bock*, 549 U.S. 199, 211 (2007); *Woodford v. Ngo*, 548 U.S. 81, 90-91 (2006). "[P]roper exhaustion of administrative remedies . . . means using all steps that the agency holds out, and doing so *properly* (so that the agency addresses the issues on the merits)." *Woodford*, 548 U.S. at 90 (citation omitted, emphasis in original).

Defendant attached a copy of MDOC Policy Directive 03.02.130 regarding prisoner grievances to his Motion. (Docket no. 11-4.) The Policy Directive requires a prisoner to file a Step I grievance within five days of attempting to resolve the grievable issue with prison staff. MDOC Policy Directive 03.02.130(V). The grievance must include information regarding the facts of the issue being grieved (i.e., who, what when, where, why, how), and the dates, times, places, and names of the individuals involved. MDOC Policy Directive 03.02.130(R). If the prisoner is dissatisfied with the Step I response, he may file a Step II grievance within ten business days of receipt of the response. MDOC Policy Directive 03.02.130(BB). A similar procedure applies to the Step III grievance process in that if a prisoner is dissatisfied with the

Step II response, the prisoner "must send a completed Step III grievance, using the Prisoner/Parolee Grievance Appeal form [], to the Grievance and Appeals Section within ten business days after receiving the Step II response or, if no response was received, within ten business days after the date the response was due. . . ." MDOC Policy Directive 03.02.130(FF). A prisoner's administrative remedies are exhausted once his complaints have been grieved through all three steps of the grievance process in compliance with [the] policy. MDOC Policy Directive 03.02.130(B).

Defendant asserts that Plaintiff failed to properly exhaust his administrative remedies through the grievance process for two reasons. (Docket no. 11 at 12-14.) First, Defendant argues that the grievance submitted by Plaintiff fails to allege specific actions regarding Defendant's alleged retaliation. (*Id.*; docket no. 11-3 at 7.) Indeed, Plaintiff's Step I grievance was rejected as vague because it failed to conform to MDOC Policy Directive 03.02.130(R). (Docket no. 11-3 at 8.) This means that the MDOC rejected the grievance because of a procedural defect and not on the merits. Because the merits of Plaintiff's grievance were not addressed, the administrative remedies available to Plaintiff were not properly exhausted under *Woodford*.

Second, Defendant asserts that Plaintiff failed to exhaust his administrative remedies by failing to comply with the time restrictions for submitting a Step II grievance. (Docket no. 11 at 13.) In support of this assertion, Defendant points out that Plaintiff's Step I grievance was returned to Plaintiff on May 19, 2015, and Plaintiff's Step II grievance was received by the Grievance Coordinator on June 12, 2015. (*Id.*; docket no. 11-3 at 6, 8.) This gap of eighteen business days exceeds the time limit imposed by MDOC Policy Directive 03.02.130(BB). Despite this, the MDOC elected to address the grievance through Step III of the grievance process, and in doing so waived its own procedural standard. The procedural bar does not apply

6

in cases where the State declines to enforce its own procedural rules. *See Reed-Bey v. Pramstaller*, 603 F.3d 322, 325 (6th Cir. 2010). Accordingly, Defendant's argument fails in this regard.

Here, Defendant has submitted evidence that Plaintiff failed to properly exhaust his administrative remedies under *Woodford*, and Plaintiff has not proffered any opposing argument or evidence in response. Notably, in his response to Defendant's Motion for Summary Judgment, Plaintiff does not respond to the arguments set forth by Defendant; instead, he re-asserts his argument for a First Amendment retaliation claim. (Docket no. 12.) Defendant's Motion for Summary Judgment should therefore be granted.

Additionally, as noted above, Plaintiff has filed a Motion for Discovery and Interrogatories and Deposition Request (docket no. 14), a Motion to Appoint Counsel (docket no. 16), and a Motion Objecting to the Defendant's Protective Order (docket no. 17), all of which remain outstanding before the Court. Nevertheless, no amount of discovery or assistance from counsel will change the result that Plaintiff's claims are barred by a failure to exhaust his administrative remedies under the PLRA. Accordingly, Plaintiff's outstanding motions should be denied as moot.

### D.  Conclusion

For the reasons stated above, it is recommended that the Court **GRANT** Defendant's Motion for Summary Judgment (docket no. 11), **DENY** Plaintiff's outstanding motions (docket nos. 14, 16, and 17) as moot, and dismiss this matter in its entirety.

## III.    NOTICE TO PARTIES REGARDING OBJECTIONS

The parties to this action may object to and seek review of this Report and Recommendation, but are required to act within fourteen (14) days of service of a copy hereof as

provided for in 28 U.S.C. § 636(b)(1) and Eastern District of Michigan Local Rule 72.1(d). Failure to file specific objections constitutes a waiver of any further right of appeal. *Thomas v. Arn*, 474 U.S. 140, 149 (1985); *Howard v. Sec'y of Health & Human Servs.,* 932 F.2d 505 (6th Cir. 1991); *U.S. v. Walters*, 638 F.2d 947, 949-50 (6th Cir. 1981). Filing of objections which raise some issues but fail to raise others with specificity will not preserve all the objections a party might have to this Report and Recommendation. *Willis v. Sec'y of Health & Human Servs.*, 931 F.2d 390, 401 (6th Cir. 1991); *Smith v. Detroit Fed'n Of Teachers Local 231*, 829 F.2d 1370, 1373 (6th Cir. 1987). Pursuant to E.D. Mich. LR 72.1(d)(2), a copy of any objections is to be served upon this Magistrate Judge.

Any objections must be labeled as "Objection #1," "Objection #2," etc. Any objection must recite *precisely* the provision of this Report and Recommendation to which it pertains. Not later than fourteen days after service of an objection, the opposing party must file a concise response proportionate to the objections in length and complexity. The response must specifically address each issue raised in the objections, in the same order and labeled as "Response to Objection #1," "Response to Objection #2," etc.

Dated: July 27, 2016          s/ Mona K. Majzoub
                             MONA K. MAJZOUB
                             UNITED STATES MAGISTRATE JUDGE

**PROOF OF SERVICE**

I hereby certify that a copy of this Report and Recommendation was served upon Plaintiff and counsel of record on this date.

Dated: July 27, 2016          s/ Lisa C. Bartlett
                             Case Manager

8