UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

BISHOP PERRY,

    Plaintiff,

v.                                                                Case No. 15-13930

BRITTANY COUSINS,                        HON. AVERN COHN

    Defendant.

_____/

**MEMORANDUM AND ORDER
GRANTING PLAINTIFF'S OBJECTIONS (Doc. 21)
AND
REJECTING REPORT AND RECOMMENDATION (Doc. 20)
AND
DENYING DEFENDANT'S MOTIONS FOR SUMMARY JUDGMENT (Doc. 11)
AND
REMANDING THE CASE TO THE MAGISTRATE JUDGE FOR FURTHER
PROCEEDINGS**

I. Introduction

This is a prisoner civil rights case under 42 U.S.C. § 1983.  Plaintiff, proceeding pro se, claims that defendant violated his First Amendment rights by filing a false misconduct ticket against him in retaliation for helping another prisoner file a formal complaint against defendant.  The matter was referred to a magistrate judge for pretrial proceedings.  (Doc. 7).  Defendant filed a motion for summary judgment on the grounds that plaintiff failed to exhaust his administrative remedies.  (Doc. 11).  Plaintiff filed a motion for discovery (Doc. 14), motion to appoint counsel, (Doc. 16), and a motion objecting to defendant's protective order, (Doc. 17).

The magistrate judge issued a report and recommendation (MJRR), recommending that defendant's motion be granted and plaintiff's motions be denied as moot. (Doc. 20). Before the Court are plaintiff's objections to the MJRR (Doc. 21), to which defendant has responded (Doc. 22).

For the reasons that follow, plaintiff's objections will be granted, the MJRR will be rejected. Defendant's motion will be denied. The case will be remanded to the magistrate judge for further proceedings.

## II.  Review of the MJRR

A district court must conduct a de novo review of the parts of a magistrate judge's report and recommendation to which a party objects. 28 U.S.C. § 636(b)(1). The district "court may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate" judge. Id. The requirement of de novo review "is a statutory recognition that Article III of the United States Constitution mandates that the judicial power of the United States be vested in judges with life tenure." United States v. Shami, 754 F.2d 670, 672 (6th Cir. 1985).

A general objection, or one that merely restates the arguments previously presented, is not sufficient to alert the court to alleged errors on the part of the magistrate judge. An "objection" that does nothing more than state a disagreement with a magistrate judge's suggested resolution, or simply summarizes what has been presented before, is not an objection as that term is used in this context. Howard v. Sec'y of Health and Human Servs., 932 F.2d 505, 508 (6th Cir. 1991) ("It is arguable in this case that Howard's counsel did not file objections at all.... [I]t is hard to see how a district court reading [the 'objections'] would know what Howard thought the magistrate

2

had done wrong.").

III. Analysis

A.

As an initial matter, although defendant has moved for summary judgment on the grounds of exhaustion, a motion to dismiss is the more appropriate avenue. Regarding a motion to dismiss, courts have differed in determining which subdivision applies to a motion to dismiss based on failure to exhaust administrative remedies. The issue was summarized in Twohig v. Riley, No.12-11832, 2013 WL 3773365, at *1 (E.D. Mich. July 17, 2013):

> There has been a divergence of viewpoints as to the correct procedural basis for a dismissal premised on non-exhaustion. In Jones v. Bock, 127 S.Ct. at 921, the Supreme Court suggested in dicta that failure to exhaust might be a basis for dismissal under Rule 12(b)(6). However, in Pointe v. Wilkinson, 502 F.3d 369 (6th Cir. 2007), the Sixth Circuit found that a dismissal based on exhaustion may be distinct from a dismissal for failure to state a claim upon which relief may be granted. See also Snider v. Melindez, 199 F.3d 108, 112 (2d Cir. 1999) (concluding that failure to state a claim as used in 1997e(c) and 1915(g) does not include failure to exhaust administrative remedies).
>
> In Melton v. Michigan Corrections Commission, 2009 WL 722688 (E.D. Mich 2009), the Court granted a motion for summary judgment, dismissing the complaint without prejudice for failure to exhaust...
>
> In the context of the PLRA, a plaintiff's failure to exhaust administrative remedies does not seem to fit within Fed. R. Civ. P. 12(b)(6). After Jones v. Bock, failure to exhaust is not a pleading requirement, so there is no determination of whether a plaintiff has stated a claim on the face of the complaint.
>
> And unlike the typical 12(b)(6) motion, dismissal is without prejudice. Rule 12(b)(1) (subject-matter jurisdiction) clearly does not apply, since "the PLRA exhaustion requirement is not jurisdictional." Woodford v. Ngo, 548 U.S. 81, 101 (2006). Summary judgment seems inapposite since there is no determination of the merits of the case, and "judgment" is not entered. See Studio Electrical Technicians Local 728 v. International Photographers of Motion Picture Industries, Local 659, 598 F.2d 551, 552 (9th Cir. 1979) ("Summary judgment is on the merits," and failure to exhaust, as a matter in abatement, "ordinarily" does

"not deal with the merits.")

Citing the decisions of other circuit courts for support, the court in Twohig concluded that the best approach is to treat a motion to dismiss based on a failure to exhaust as an unenumerated Rule 12(b) motion. The Court agrees that this is the best course. See also Threet v. Phillips, 2016 WL 374121, *5 (E.D. Mich. Feb. 1, 2016) (concluding the same).

B.

Here, as explained in the MJRR, plaintiff's Step I grievance was rejected as "vague" because it did not provide sufficient detail as to who plaintiff was grieving and what they did as required by MDOC Policy Directive 03.02.130. The Step I grievance form mentions defendant but vaguely asserts that defendant subjected plaintiff to "inhumane" treatment and that he has "sought information" from the MDOC's internal affairs office regarding defendant. Thus, although plaintiff appealed all the way to Step III, the fact that the grievance was initially rejected for failing to comply with a policy directive supports a finding that he failed to properly exhaust his administrative remedies. The magistrate judge therefore concluded that defendant's motion should be granted on this ground.[1]

With his objections, plaintiff submitted various documents which he says were attached to his Step I grievance and provide the level of detail sufficient to comply with MDOC rules. Plaintiff also says that he did not attach these documents to his complaint

---

[1] Defendant also argued that plaintiff failed to exhaust because he failed to comply with the time limits of resubmitting a Step II grievance. The magistrate judge rejected this argument. See MJRR at p. 6-7.

4

because he only recently received them from his former cell mate.  These documents, particularly Exhibit A to his objections is a document styled "Supporting Facts of Defendant's retaliation, complaint to Warden."  It states in full:

> April 12, 2015 C/O Cousins filed a false misconduct report on me for sexual misconduct.  This false misconduct report was done because of the formal complaints and grievances I had been filing and assisting other prisoners for filing.  C/O Cousins directly told me she was going to ticket me for filing grievances and complaints.  I have prisoner witnesses that over heard this threat.  That C/O Cousins lived up to her threat to file false for sexual misconduct to place me in a hole and up my security level.  This grievance for constitutional law and violations.  I request an internal affairs investigation for staff corruption and retaliation.

The document is dated April 12, 2015 and states "Attached to Grievance."  Clearly, this document meets the requirements of PD 03.02.130 by providing the factual who, what, when, where, why, and how to support his claim.  The other exhibits attached to plaintiff's objection are documents addressed to the warden or internal affairs and otherwise do not indicate that they were part of plaintiff's grievance.

In response to plaintiff's objections, defendant says there is no evidence that plaintiff actually submitted Exhibit A or any of the other documents with his grievance.  Defendant also points out that plaintiff filed a response to defendant's motion which addressed only the substance of his claims nor did he previously provide the documents he now submits to the Court.

Having considered the matter, the Court finds plaintiff exhausted his administrative remedies by providing a grievance which was not vague.  Plaintiff offered an explanation for recently submitting the documents and finds that Exhibit A was attached to plaintiff's grievance, but apparently overlooked by the MDOC.

5

IV.  Conclusion

For the reasons stated above, plaintiff's objections are GRANTED.  The MJRR is REJECTED as the findings and conclusions of the Court.  Defendant's motion is DENIED.  This matter is REMANDED to the magistrate judge for further proceedings, including consideration of Plaintiff's pending motions.

SO ORDERED.

S/Avern Cohn  
AVERN COHN  
UNITED STATES DISTRICT JUDGE

Dated: September 9, 20016
      Detroit, Michigan