UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

BISHOP PERRY,

       Plaintiff,                    CIVIL ACTION NO. 15-cv-13930

  v.                               DISTRICT JUDGE AVERN COHN

BRITTANY COUSINS,           MAGISTRATE JUDGE MONA K. MAJZOUB

       Defendant.
_____/

**OPINION AND ORDER DENYING PLAINTIFF'S
MOTION FOR DISCOVERY AND INTERROGATORIES AND DEPOSITION
REQUEST [14], MOTION FOR APPOINTMENT OF COUNSEL [16], AND MOTION
OBJECTING TO DEFENDANT'S PROTECTIVE ORDER [17]**

Plaintiff Bishop Perry, currently a prisoner at the Thumb Correctional Facility in Lapeer, Michigan, filed this *pro se* civil rights action pursuant to 42 U.S.C. § 1983 against Defendant Brittany Cousins on November 5, 2015, alleging that she violated his First Amendment Rights by filing a false misconduct ticket against him in retaliation for helping another prisoner file a formal complaint against Defendant. (Docket no. 1.)  Defendant then filed a Motion for Summary Judgment, claiming that the case should be dismissed because Plaintiff did not exhaust his administrative remedies before filing suit, as required by 42 U.S.C. § 1997e(a).  (Docket no. 11.)  District Judge Avern Cohn denied Defendant's Motion on September 9, 2016, and remanded this matter to the undersigned for further proceedings.  (Docket no. 23.)

This matter is now before the Court on Plaintiff's Motion for Discovery and Interrogatories and Deposition Request, Motion for Appointment of Counsel, and Motion Objecting to Defendant's Protective Order.  (Docket nos. 14, 16, and 17.)  Defendant has not

responded to Plaintiff's motions. All pretrial matters have been referred to the undersigned for consideration. (Docket no. 26.) The Court has reviewed the pleadings and dispenses with oral argument pursuant to Eastern District of Michigan Local Rule 7.1(f). The Court is now ready to rule pursuant to 28 U.S.C. § 636(b)(1)(A).

**I.       Plaintiff's Motion Objecting to Defendant's Protective Order [17]**

On March 8, 2016, Defendant filed a Motion for Protective Order to stay discovery, and thereby excuse Defendant from responding to Plaintiff's February 10, 2016 discovery request, until the Court ruled on Defendant's pending Motion for Summary Judgment. (Docket no. 13.) That same day, Plaintiff filed a Motion for Discovery and Interrogatories and Deposition Request, which, as further discussed below, appears to be a separate discovery request filed with the Court in an attempt to procure information, documents, and other items from Defendant. (Docket no. 14.) On March 9, 2016, the Court granted Defendant's Motion and stayed discovery in this matter pending the resolution of Defendant's Motion for Summary Judgment. Apparently, Plaintiff did not receive notice of the Court's order in this regard, as it was returned to the Court as undeliverable on March 24, 2016. (Docket no. 15.) Plaintiff then filed a Motion Objecting to Defendant's Protective Order on March 25, 2016, which is, essentially, Plaintiff's response in opposition to Defendant's Motion for Protective Order. (Docket no. 17.)

Defendant's Motion for Summary Judgment was denied on September 9, 2016 (docket no. 23), upon which the discovery stay automatically lifted, and Defendant's obligation to respond to Plaintiff's February 10, 2016 discovery request was revived. Accordingly, to the extent Defendant has not yet responded to Plaintiff's February 10, 2016 discovery request, the Court will order Defendant to do so within twenty-one (21) days of this Opinion and Order. Additionally, because the Court has granted Defendant's Motion for Protective Order to stay

discovery, and the discovery stay has since been lifted, Plaintiff's Motion Objecting to Defendant's Protective Order (docket no. 17) is moot, and the Court will deny it as such.

**II.    Plaintiff's Motion for Discovery and Interrogatories and Deposition Request [14]**

Plaintiff's February 10, 2016 discovery request consisted of three interrogatories and one request for production. (*See* docket no. 13-2.) In his March 8, 2016 Motion for Discovery, filed before the thirty-day deadline for Defendant's response to the February 10, 2016 request, Plaintiff seeks responses to three interrogatories and two requests for production. (Docket no. 14.) Although the discovery request set forth in Plaintiff's Motion is substantially similar to Plaintiff's February 10, 2016 request but for one additional request for production, there is no indication that Plaintiff served Defendant with this particular request before filing the instant Motion. Plaintiff's Motion is therefore more akin to a new discovery request filed with the Court rather than a premature Motion to Compel Defendant's responses to Plaintiff's February 10, 2016 request.

The filing of such a discovery request with the Court, however, is improper under Eastern District of Michigan Local Rule 26.2 and Federal Rule of Civil Procedure 5(d)(1). Discovery requests must be made in accordance with Federal Rules of Civil Procedure 26 through 37. *See* Fed. R. Civ. P. 26-37. Discovery should be served upon and responded to between the parties without court involvement unless a problem develops that requires court intervention. That is, Plaintiff's discovery requests must first be directed to Defendant, not filed with the Court. Because there is no evidence that Plaintiff served Defendant with the discovery request that is the subject of his instant Motion, the Court will deny Plaintiff's Motion for Discovery and Interrogatories and Deposition Request.

### III.     Plaintiff's Motion for Appointment of Counsel [16]

Plaintiff has also filed a Motion for Appointment of Counsel. (Docket no. 16.) Appointment of counsel for prisoners proceeding *in forma pauperis* is governed by 28 U.S.C. § 1915, which states that "[t]he court may request an attorney to represent any person unable to afford counsel." 28 U.S.C. § 1915(e)(1). The Sixth Circuit has stated:

> Appointment of counsel in a civil case is not a constitutional right. It is a privilege that is justified only by exceptional circumstances. In determining whether 'exceptional circumstances' exist, courts have examined the type of case and the abilities of the plaintiff to represent himself. This generally involves a determination of the complexity of the factual and legal issues involved.

*Lavado v. Keohane*, 992 F.2d 601, 605-06 (6th Cir. 1993) (internal quotations and citations omitted). *See also Glover v. Johnson*, 75 F.3d 264, 268 (6th Cir. 1996) (citing Charles R. Richey, Prisoner Litigation in the United States Courts 75 (1995) ("'Prisoners have no statutory right to counsel in civil rights cases. Instead, the appointment of counsel is within the court's discretion.'")).

Plaintiff seeks court-appointed counsel to assist him in conducting discovery in this matter. (*See* docket no. 16 at 3-4.) But assistance in conducting discovery does not constitute an exceptional circumstance here, as the factual and legal issues involved are not particularly complex. Moreover, discovery in this matter is in its early stages, and, although it was necessary to remind Plaintiff that he must conduct discovery in accordance with the Federal Rules of Civil Procedure, *supra*, there is no indication that Plaintiff will have difficulty conducting discovery with Defendant going forward. Accordingly, appointment of counsel at this stage of the litigation is unwarranted, and the Court declines to exercise its discretion to appoint counsel to represent Plaintiff at this time. The Court will therefore deny Plaintiff's Motion for Appointment of Counsel without prejudice.

**IT IS THEREFORE ORDERED** that Plaintiff's Motion for Discovery and Interrogatories and Deposition Request [14] is **DENIED**, Plaintiff's Motion for Appointment of Counsel [16] is **DENIED** without prejudice, and Plaintiff's Motion Objecting to Defendant's Protective Order [17] is **DENIED** as moot.

**IT IS FURTHER ORDERED** that to the extent Defendant has not yet responded to Plaintiff's February 10, 2016 discovery request, she must do so within twenty-one (21) days of this Opinion and Order.

## NOTICE TO THE PARTIES

Pursuant to Federal Rule of Civil Procedure 72(a), the parties have a period of fourteen days from the date of this Order within which to file any written appeal to the District Judge as may be permissible under 28 U.S.C. § 636(b)(1).

Dated:  October 13, 2016          s/ Mona K. Majzoub
                                  MONA K. MAJZOUB
                                  UNITED STATES MAGISTRATE JUDGE

## PROOF OF SERVICE

I hereby certify that a copy of this Order was served upon Plaintiff and counsel of record on this date.

Dated:  October 13, 2016          s/ Lisa C. Bartlett
                                  Case Manager