UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

BISHOP PERRY,

               Plaintiff,                 CIVIL ACTION NO. 15-cv-13930

        v.                       DISTRICT JUDGE AVERN COHN

BRITTANY COUSINS,             MAGISTRATE JUDGE MONA K. MAJZOUB

             Defendant.

_____/

**REPORT AND RECOMMENDATION**

      Plaintiff Bishop Perry filed this civil rights action *pro se* under 42 U.S.C. § 1983 against Defendant Brittany Cousins on November 5, 2015, alleging that she violated his First Amendment Rights by filing a false misconduct ticket against him in retaliation for helping another prisoner file a formal complaint against her. (Docket no. 1.)  Before the Court is Defendant's second Motion for Summary Judgment.  (Docket no. 43.)  Plaintiff, now represented by counsel, filed a Response to Defendant's Motion for Summary Judgment (docket no. 44), and Defendant replied to Plaintiff's Response (docket no. 45).  All pretrial matters have been referred to the undersigned for consideration. (Docket nos. 7, 23.)  The undersigned has reviewed the pleadings, dispenses with a hearing pursuant to Eastern District of Michigan Local Rule 7.1(f), and issues this Report and Recommendation.

**I.      RECOMMENDATION**

      For the reasons that follow, it is recommended that Defendant's Motion for Summary Judgment (docket no. 43) be **GRANTED** and this matter be dismissed in its entirety.

## II.    REPORT

### A.    Factual Background

Plaintiff is currently incarcerated at the Muskegon Correctional Facility in Muskegon, Michigan; however, the events giving rise to the Complaint allegedly occurred while he was incarcerated at the Earnest C. Brooks Correctional Facility in Muskegon Heights, Michigan. (Docket no. 1 ¶ 1.)  Plaintiff alleges that on April 12, 2015, he was helping another prisoner, Cameron Adams, file a formal complaint against Defendant for verbal harassment and for threatening to put the prisoner in segregation.  (*Id*. ¶ 2.)  While Plaintiff was helping inmate Adams, Defendant allegedly approached them and told inmate Adams that "she has it out for anyone that assist[s]" inmate Adams in filing the complaint, and she also allegedly threatened Plaintiff with a misconduct ticket and placement in segregation for assisting inmate Adams.  (*Id*. ¶ 3.)

That evening, Defendant was making her rounds and saw a shirt covering the window of Plaintiff's cell.  (Docket no. 43-2 at 2.)  Defendant knocked on the door and yelled for Plaintiff to take the shirt down.  (*Id*.)  Plaintiff removed the shirt, but re-covered the window ten minutes later.  (*Id*.)  Shortly after Plaintiff re-covered the window, Defendant opened the door without announcing her presence and entered the cell, where she observed Plaintiff with his penis exposed.  (*Id*.)  Defendant then wrote Plaintiff a misconduct ticket, in which she alleged that Plaintiff intentionally exposed himself to her and disobeyed her direct order to cover himself. (*Id*.)  Plaintiff was found not guilty of both charges at a misconduct hearing.  (*Id*.)

Plaintiff filed the instant complaint on November 5, 2015, claiming that Defendant retaliated against him, in violation of his First Amendment Rights, by writing him a false misconduct ticket for helping inmate Adams file a complaint against her.  (Docket no. 1 ¶ 13.)

Defendant then filed a Motion for Summary Judgment, claiming that the case should be dismissed because Plaintiff did not exhaust his administrative remedies before filing suit, as required by 42 U.S.C. § 1997e(a). (Docket no. 11 at 8.)   The undersigned considered Defendant's Motion and entered a Report and Recommendation recommending that the Motion be granted.  (Docket no. 20.)  In light of new evidence presented by Plaintiff, however, the district judge denied Defendant's Motion.  (Docket no. 23.)  As a result, the parties proceeded to the discovery phase of this litigation, during which Plaintiff retained counsel to assist him. Defendant then timely filed the instant Motion for Summary Judgment.

### B.   Governing Law

Defendant moves for summary judgment on the merits of Plaintiff's retaliation claim and on the basis of qualified immunity.  (Docket no. 43.)

### 1.   Summary Judgment Standard

Summary judgment is appropriate where the moving party shows that there is "no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a).  The moving party has the burden of showing an absence of evidence to support the non-moving party's case. *Covington v. Knox Cnty. Sch. Sys.*, 205 F.3d 912, 915 (6th Cir. 2000).  Rule 56 expressly provides that:

> A party asserting that a fact cannot be or is genuinely disputed must support the assertion by:
>
> (A) citing to particular parts of materials in the record, including depositions, documents, electronically stored information, affidavits or declarations, stipulations (including those made for purposes of the motion only), admissions, interrogatory answers, or other materials; or
>
> (B) showing that the materials cited do not establish the absence or presence of a genuine dispute, or that an adverse party cannot produce admissible evidence to support the fact.

3

Fed. R. Civ. P. 56(c)(1).  "The court need consider only the cited materials, but it may consider other materials in the record."  Fed. R. Civ. P. 56(c)(3).

Once the moving party has met its burden of production, the non-moving party must come forward with significant probative evidence showing that a genuine issue exists for trial. *Covington*, 205 F.3d at 915.  A mere scintilla of evidence is insufficient to defeat a properly supported motion for summary judgment; rather, "there must be evidence on which the jury could reasonably find for the [non-moving party]."  *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 252 (1986).  Ultimately, a district court must determine whether the record as a whole presents a genuine issue of material fact, drawing "all justifiable inferences in the light most favorable to the non-moving party."  *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 587 (1986)*; Hager v. Pike County Bd. Of Educ.*, 286 F.3d 366, 370 (6th Cir. 2002).

2.    *Qualified Immunity Standard*

Under qualified immunity, "government officials performing discretionary functions generally are shielded from liability for civil damages insofar as their conduct does not violate clearly established statutory or constitutional rights of which a reasonable person would have known."  *Harlow v. Fitzgerald*, 457 U.S. 800, 817–818, 102 S.Ct. 2727, 73 L.Ed.2d 396 (1982). That is, "'[t]he defense of qualified immunity protects officials from individual liability for monetary damages but not from declaratory or injunctive relief.'"  *Top Flight Entertainment, Ltd. v. Schuette*, 729 F.3d 623, 635 n.2 (6th Cir. 2013) (quoting *Flagner v. Wilkinson*, 241 F.3d 475, 483 (6th Cir. 2001)).

The Sixth Circuit has set forth a tri-part test to determine whether a defendant is entitled to qualified immunity: whether (1) "the facts viewed in the light most favorable to the plaintiff[] show that a constitutional violation has occurred;" (2) "the violation involved a clearly

established constitutional right of which a reasonable person would have known;" and (3) "the plaintiff has offered sufficient evidence to indicate that what the official allegedly did was objectively unreasonable in light of the clearly established constitutional rights." *Radvansky v. City of Olmsted Falls*, 395 F.3d 291, 302 (6th Cir. 2005) (citing *Feathers v. Aey*, 319 F.3d 843, 848 (6th Cir.2003)).  The court may, however, take up these considerations in any order.  *See Pearson v. Callahan*, 555 U.S. 223 (2009).

"A defendant who invokes the qualified immunity defense must present facts which, if true, would entitle him to immunity." *Noble v. Schmitt*, 87 F.3d 157, 161 (citing *Poe v. Haydon*, 853 F.2d 418, 425 (6th Cir.1988), cert. denied, 488 U.S. 1007 (1989)).  If the defendant does so, "the burden is on the plaintiff to demonstrate that the officials are not entitled to qualified immunity." *See id.*; *see also*, *Silberstein v. City of Dayton*, 440 F.3d 306, 311 (6th Cir.2006) (citing *Barrett v. Steubenville City Schools*, 388 F.3d 967, 970 (6th Cir.2004)).  "The [plaintiff] will defeat a qualified immunity defense if he can produce sufficient evidence after discovery to prove the existence of genuine issues of material fact regarding the issue of immunity." *Noble*, 87 F.3d at 161 (citing *Mitchell v. Forsyth*, 472 U.S. 511, 526 (1985)).

C.    **Analysis**

To prevail on a § 1983 claim, a plaintiff must prove "that (1) a person, (2) acting under color of state law, (3) deprived the plaintiff of a federal right." *Berger v. City of Mayfield Heights*, 265 F.3d 399, 405 (6th Cir. 2001) (citations omitted).  There is no dispute that Defendant is a person who was acting under color of state law.  Thus, the only remaining issue under a § 1983 analysis is whether she deprived Plaintiff of a constitutional right.

Plaintiff claims that Defendant filed a false misconduct report against him in retaliation for assisting inmate Adams in filing a formal complaint against her, in violation of his First

Amendment rights.[1]  (Docket no. 1.)  Prison officials may not retaliate against inmates who have engaged in constitutionally protected activities or conduct.  *Thaddeus-X v. Blatter,* 175 F.3d 378, 394 (6th Cir.1999).   A retaliation claim has three elements: "(1) the plaintiff engaged in protected conduct; (2) an adverse action was taken against the plaintiff that would deter a person of ordinary firmness from continuing to engage in that conduct; and (3) there is a causal connection between elements one and two—that is, the adverse action was motivated at least in part by the plaintiff's protected conduct."  *Id.* (citations omitted).  "Once the plaintiff has met his burden of establishing that his protected conduct was a motivating factor behind any harm, the burden of production shifts to the defendant. . . . If the defendant can show that he would have taken the same action in the absence of the protected activity, he is entitled to prevail on summary judgment."  *Id.* at 399 (citing *Mount Healthy City Sch. Dist. Bd. of Educ. v. Doyle,* 429 U.S. 274, 287 (1977)).

Defendant asserts that she is entitled to summary judgment because (1) Plaintiff has failed to establish that he engaged in protected conduct; (2) even if Plaintiff is able to establish the elements of a retaliation claim, Defendant would have issued a misconduct ticket against Plaintiff regardless of whether Plaintiff assisted another prisoner in filing a formal complaint against her; and (3) Defendant is entitled to qualified immunity because she did not violate Plaintiff's clearly established constitutional rights.  (Docket no. 43.)  The Court first considers whether Plaintiff engaged in protected conduct.

---

[1] In portions of his Response to Defendant's Motion for Summary Judgment, Plaintiff purportedly attempts to expand his claims against Defendant by asserting that Defendant also threatened to punish Plaintiff for filing his own grievances and pursuing his own litigation (docket no. 44 at 9) and by arguing that filing grievances is protected conduct (*Id.* at 13).  The undersigned will not consider these assertions, as there are no factual allegations in the Complaint to support such a claim, Plaintiff has not moved to amend the Complaint, and it is wholly improper to state a claim for the first time in a response to a motion for summary judgment.  *See Tucker v. Union of Needletrades, Indus. & Textile Employees,* 407 F.3d 784, 788-89 (6th Cir. 2005).

It is well settled that "an inmate does not have an independent right to help other prisoners with their legal claims." *Thaddeus-X*, 175 F.3d at 395 (citing *Gibbs v. Hopkins,* 10 F.3d 373, 378 (6th Cir. 1993)). "Rather, a 'jailhouse lawyer's' right to assist another prisoner is wholly derivative of that prisoner's right of access to the courts; prison officials may prohibit or limit jailhouse lawyering unless doing so interferes with an inmate's ability to present his grievances to a court." *Id.* Thus, a "jailhouse lawyer" was engaged in protected conduct only if his assistance was necessary to vindicate another prisoner's right of access to the courts. *See id*. To demonstrate such a necessity, a jailhouse lawyer must show that (1) the "individual prisoner's right to access the courts has been impaired;" (2) the prisoner needed assistance; and (3) the prisoner "had no reasonable alternative but to seek that assistance from another prisoner." *Evans v. Vinson*, 427 F. App'x 437, 445-46 (6th Cir. 2011) (quoting *Thaddeus–X,* 175 F.3d at 396 n. 11 (citing *Lewis v. Casey,* 518 U.S. 343 (1996))).

Plaintiff alleges in the Complaint that inmate Adams sought Plaintiff's assistance because "he did not know how to meet the exhaustion remedy under 42 U.S.C. § 1997e(a) and wanted to ensure that everything was properly documented." (Docket no. 1 ¶ 2.) Plaintiff also alleges that "[w]ithout Plaintiff's assistance [Adams] would not be able to enter the courts." (*Id*.) Now, in the face of Defendant's argument that Plaintiff has failed to establish that he engaged in protected conduct, Plaintiff, through counsel, asserts that assisting another inmate with his grievances and litigation preparation is protected conduct under the First Amendment. (Docket no. 44 at 7.) Plaintiff also asserts that the court cannot grant Defendant summary judgment based on qualified immunity because there are questions of fact regarding whether "there were other means by which the other inmates could complete their constitutionally protected grievances and litigation prep." (*Id*. at 12.) Plaintiff adds that "[t]here has been no testimony

about this at all, so it's certainly improper for the Court to decide the answer *sua sponte*." (*Id.*) Plaintiff further argues that Defendant has failed to establish that there is no question of fact regarding whether the assistance Plaintiff provided to inmate Adams was a necessity. (*Id.* at 13.) Lastly, Plaintiff asserts that there is no evidence that there was any prison-created system in place to assist inmates with their legal work. (*Id.* at 13-14.)

The assertions and arguments that Plaintiff makes in response to Defendant's Motion are either contrary to or misapplications of the law, and they therefore lack merit. For example, there is no authority for Plaintiff's position that assisting another inmate with his grievances and litigation preparation unequivocally constitutes protected conduct under the First Amendment. As discussed above, a "jailhouse lawyer's" legal assistance to other inmates constitutes First Amendment protected conduct only where the assistance is necessary to vindicate the prisoners' right of access to the courts. *See Thaddeus-X*, 175 F.3d at 395. Additionally, Plaintiff's arguments misplace the burdens in this matter. It is the plaintiff's burden to plead sufficient allegations and submit evidence to establish that he was engaged in protected conduct. And when faced with a motion for summary judgment in which the defendant has shown that there is an absence of evidence to support the plaintiff's case, the burden shifts to the plaintiff to come forward with significant probative evidence that a genuine issue exists for trial with regard to whether he was engaged in protected conduct. Here, Plaintiff argues that there are questions of fact regarding whether he was engaged in protected conduct because there is no testimony or other evidence in the record regarding this issue. Plaintiff's argument is unavailing, as it was his burden to gather this evidence in the discovery process and produce it in response to the instant Motion for Summary Judgment.

Specifically, Plaintiff was required to plead allegations and set forth sufficient evidence to establish that he was engaged in protected conduct for purposes of his First Amendment retaliation claim by showing that (1) the "individual prisoner's right to access the courts has been impaired;" (2) the prisoner needed assistance; and (3) the prisoner "had no reasonable alternative but to seek that assistance from another prisoner." *Evans, supra*, 427 F. App'x at 445-46. And while Plaintiff has alleged that inmate Adams needed Plaintiff's assistance because he did not know how to meet the Prison Litigation Reform Act's exhaustion requirements, Plaintiff has not sufficiently shown that inmate Adams's right to access the courts was impaired or that inmate Adams had no reasonable alternative but to seek assistance from Plaintiff. This is because "[u]nfamiliarity with the law . . . does not in and of itself necessarily satisfy the requirement that the inmate requesting legal assistance has no other reasonable alternative for pursuing his legal claims." *Roberts v. Croft*, No. 1:12 CV 0936, 2012 WL 3061384, at *9 (N.D. Ohio July 26, 2012). Moreover, Plaintiff has presented "no evidence that [inmate Adams was] subjected to some type of extraordinary situation which prevented [him] from seeking assistance from a staff member and left [him] no alternative but to seek assistance from [P]laintiff (or another prisoner)." *Crump v. Prelesnik*, No. 1:10-cv-353, 2013 WL 1338027, at *6 (W.D. Mich. Feb. 13, 2013), *report and recommendation adopted as modified*, No. 1:10-CV-353, 2013 WL 1337790 (W.D. Mich. Mar. 29, 2013), *aff'd* (Aug. 4, 2014). For example, in *Thaddeus-X*, the Sixth Circuit held that the plaintiff was engaged in protected contact where the inmate requesting assistance was not only ignorant of the law, but he also was being held in administrative segregation and could only access the library by requesting books by title. 175 F.3d at 396. Plaintiff has advanced no such allegations or evidence in this matter. Accordingly, Plaintiff has failed to show that he was engaged in protected conduct, and his First Amendment retaliation

claim fails.[2]  Plaintiff has failed to show that Defendant acted unconstitutionally, and where there is no constitutional violation, "the plaintiff's § 1983 claim fails as a matter of law and the defendant is therefore entitled to summary judgment and does not need qualified immunity." *Marvin v. City of Taylor*, 509 F.3d 234, 244 (6th Cir. 2007).

> **D.**    **Conclusion**

For the reasons stated above, it is recommended that the Court **GRANT** Defendant's Motion for Summary Judgment (docket no. 43) and dismiss this matter in its entirety.

## III.    NOTICE TO PARTIES REGARDING OBJECTIONS

The parties to this action may object to and seek review of this Report and Recommendation, but are required to act within fourteen (14) days of service of a copy hereof as provided for in 28 U.S.C. § 636(b)(1) and Eastern District of Michigan Local Rule 72.1(d). Failure to file specific objections constitutes a waiver of any further right of appeal.  *Thomas v. Arn*, 474 U.S. 140, 149 (1985); *Howard v. Sec'y of Health & Human Servs.,* 932 F.2d 505 (6th Cir. 1991); *U.S. v. Walters*, 638 F.2d 947, 949-50 (6th Cir. 1981).  Filing of objections which raise some issues but fail to raise others with specificity will not preserve all the objections a party might have to this Report and Recommendation.  *Willis v. Sec'y of Health & Human Servs.*, 931 F.2d 390, 401 (6th Cir. 1991); *Smith v. Detroit Fed'n Of Teachers Local 231*, 829 F.2d 1370, 1373 (6th Cir. 1987).  Pursuant to E.D. Mich. LR 72.1(d)(2), a copy of any objections is to be served upon this Magistrate Judge.

Any objections must be labeled as "Objection #1," "Objection #2," etc.  Any objection must recite *precisely* the provision of this Report and Recommendation to which it pertains.  Not later than fourteen days after service of an objection, the opposing party must file a concise

---

[2] Because Plaintiff has failed to establish the first element of a retaliation claim, and in the interest of judicial economy, the undersigned does not reach Defendant's argument that she would have issued a misconduct ticket against Plaintiff regardless of whether Plaintiff assisted another prisoner in filing a formal complaint against her.

response proportionate to the objections in length and complexity.   The response must specifically address each issue raised in the objections, in the same order and labeled as "Response to Objection #1," "Response to Objection #2," etc.

Dated:  February 5, 2018          s/ Mona K. Majzoub
                                  MONA K. MAJZOUB
                                  UNITED STATES MAGISTRATE JUDGE

**PROOF OF SERVICE**

I hereby certify that a copy of this Report and Recommendation was served upon counsel of record on this date.

Dated:  February 5, 2018          s/ Leanne Hosking
                                  Case Manager