UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

BISHOP PERRY,

    Plaintiff,

vs.                                                                                Case No. 15-13930

BRITTANY COUSINS,                                     HON. AVERN COHN

    Defendant.
_____/

**MEMORANDUM AND ORDER**
**REJECTING IN PART AND ADOPTING IN PART REPORT AND**
**RECOMMENDATION (Doc. 47)**
**AND GRANTING DEFENDANT'S MOTION FOR SUMMARY JUDGMENT (Doc. 43)**
**AND**
**DISMISSING THE CASE**

I.

This is a prisoner civil rights case under 42 U.S.C. § 1983. It was referred to the magistrate judge for pretrial proceedings. Plaintiff Bishop Perry (Perry), represented by counsel,[1] has sued defendant Brittany Cousins (Cousins), a corrections officer, claiming she violated his civil rights. Cousins issued two misconduct tickets against Perry after he failed to obey her order to remove a cover over his cell (which is prohibited) and exposed himself to her when Cousins entered Perry's cell. The misconduct tickets - for sexual misconduct and disobeying a direct order - were dismissed by a hearing officer.

Perry says Cousins issued the ticket in retaliation for Perry helping another prisoner pursue a grievance against Cousins.

---

[1]Perry was initially pro se. He later retained counsel during the discovery phase.

Cousins filed a motion for summary judgment on the grounds that (1) Perry cannot show a causal connection between the misconduct tickets and any protected activity, and (2) Cousins is entitled to qualified immunity.

The magistrate judge issued a report and recommendation (MJRR), recommending that the motion be granted because Perry did not engage in protected conduct as a matter of law. (Doc. 47). The magistrate judge did not address Cousin's arguments regarding causation or qualified immunity.

Before the Court are Perry's objections to the MJRR (Doc. 48), Cousin's objections to the MJRR (Doc. 50),[2] and Cousin's response to Perry's objections (Doc. 49). For the reasons that follow, the MJRR will be rejected in part and adopted in part. As will be explained, the Court finds that Perry engaged in protected conduct. However, because there is no genuine issue of material fact that Cousins would have issued the misconduct ticket regardless of Perry's protected conduct, Cousins is entitled to summary judgment. Thus, the Court disagrees with the magistrate judge's analysis but agrees with the ultimate conclusion. The reasons follow.

II.

A retaliation claim essentially entails three elements: (1) the plaintiff engaged in protected conduct; (2) an adverse action was taken against the plaintiff that would deter a person of ordinary firmness from continuing to engage in that conduct; and (3) there is a causal connection between elements one and two—that is, the adverse action was

---

[2]Although Cousins prevailed before the magistrate judge, she filed "objections" in order to "preserve certain issues that were not addressed" by the magistrate judge in the event the Court rejects the recommendation.

motivated at least in part by the plaintiff's protected conduct. See, e.g., Bloch v. Ribar, 156 F.3d 673, 678 (6th Cir. 1998); Lewis v. ACB Bus. Servs., Inc., 135 F.3d 389, 406 (6th Cir. 1998); Penny v. United Parcel Serv., 128 F.3d 408, 417 (6th Cir.1997); Yellow Freight Sys., Inc. v. Reich, 27 F.3d 1133, 1138 (6th Cir.1994).

Here, as the magistrate judge noted, plaintiff is claiming he engaged in protected conduct by assisting another inmate in filing a grievance. The Court of Appeals for the Sixth Circuit has made clear that an inmate does not have an independent right to help other prisoners with their legal claims. See Gibbs v. Hopkins, 10 F.3d 373, 378 (6th Cir.1993). However, it has also said:

> While there must be a showing that the "individual prisoner's right to access the courts has been impaired," Thaddeus–X, 175 F.3d at 396 n. 11 (citing Lewis v. Casey, 518 U.S. 343, 116 S.Ct. 2174, 135 L.Ed.2d 606 (1996)), we have not held, nor can it be true, that the prisoner must need assistance from the particular plaintiff at issue. Cf. Gibbs, 10 F.3d at 378–80. If a prisoner needs assistance in filing his legal documents, and any legal aide would be retaliated against for providing assistance and is therefore deterred from doing so, it matters not whether there is one qualified aide or ten; retaliation against the aide who chooses to help still prevents the prisoner from accessing the courts, and the aide thus has a derivative claim for retaliation. Cf. Thaddeus–X, 175 F.3d at 395 (stating that "a 'jailhouse lawyer's' right to assist another prisoner is wholly derivative of that prisoner's right of access to the courts").

Evans v. Vinson, 427 F. App'x 437, 445–46 (6th Cir. 2011).

Here, Perry has alleged, which Cousins has not seriously disputed, that another prisoner needed Perry's assistance in navigating the grievance process. This is sufficient to establish that Perry engaged in protected conduct. Thus, the Court declines to follow the magistrate judge's recommendation regarding protected conduct.

However, the Court finds that summary judgment is still appropriate because there is no evidence of a causal connection between Perry's protected conduct and the

3

misconduct tickets. Rather, the record undisputedly shows that Cousins would have given Perry the misconduct tickets. If the defendant can show that he would have taken the same action in the absence of the protected activity, he is entitled to prevail on summary judgment." Thaddeus-X v. Blatter, 175 F.3d 378, 399 (6th Cir.1999) (en banc).

Here, Perry does not allege that any of the material facts in the misconduct ticket that Cousins issued were false. That is, Perry admits that he covered his cell window. There is no dispute that it is against prison rules for a prisoner to cover his cell window as it is clearly established in the prisoner guidebook that is provided to each prisoner upon transferring into the facility. Moreover, Perry admitted that he heard Cousins tell him to uncover his window but that he did not comply with Cousins' directive. Perry also admits to standing up and masturbating in his cell. Thus, Perry does not dispute that he engaged in the conduct for which Cousin's issued him the misconduct tickets.

Perry's contention about the misconduct tickets appears to be that the tickets were somehow false because the hearing officer found Perry not guilty of the tickets. But the fact that a hearing officer decided to dismiss the tickets does not mean that Cousins issued the tickets were falsely issued or were issued because Perry assisted another prisoner with filling out a grievance and/or complaint. There is no dispute that Perry violated prison policy by covering his cell window. There is also no question that Perry masturbated in Cousins' presence, and that Cousins told him to stop and cover himself up. Cousins could have issued Perry misconduct tickets for covering his window and/or disobeying an order to take the window covering down. Based on her judgment and MDOC policy, however, Cousins believed that Perry had violated

4

MDOC's sexual misconduct policy. The ticket was based on conduct that Perry does not dispute. There is simply no evidence in the record which would create a genuine issue of material fact as to whether the ticket was motivated by Perry's assistance to another prisoner. Because Perry cannot show a nexus between his alleged protected activity and the misconduct tickets Cousins issued, Cousins is entitled to summary judgment.[3]

IV.

For the reasons stated above, the MJRR is REJECTED IN PART AND ADOPTED IN PART. Cousin's motion for summary judgment is GRANTED. This case is DISMISSED.

SO ORDERED.

S/Avern Cohn
AVERN COHN
UNITED STATES DISTRICT JUDGE

Dated: 5/9/2018
Detroit, Michigan

---

[3] Because Perry cannot make out a prima facie case of retaliation, it is not necessary to address whether Cousins is entitled to qualified immunity.