UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

BISHOP PERRY,

    Plaintiff,

vs.                                                                                                            Case No. 15-13930

BRITTANY COUSINS,                                                                                      HON. AVERN COHN

    Defendant.
_____/

## **ORDER DENYING PLAINTIFF'S MOTION UNDER RULE 60(b) (Doc. 54)**

I.

This is a prisoner civil rights case under 42 U.S.C. § 1983. It was referred to the magistrate judge for pretrial proceedings. Plaintiff Bishop Perry (Perry), who was represented by counsel, sued defendant Brittany Cousins (Cousins), a corrections officer, claiming she violated his civil rights. Cousins issued two misconduct tickets against Perry after he failed to obey her order to remove a cover over his cell (which is prohibited) and exposed himself to her when Cousins entered Perry's cell. The misconduct tickets - for sexual misconduct and disobeying a direct order - were dismissed by a hearing officer. Perry claimed that Cousins issued the ticket in retaliation for Perry helping another prisoner pursue a grievance against Cousins.

Cousins filed a motion for summary judgment on the grounds that (1) Perry cannot show a causal connection between the misconduct tickets and any protected activity, and (2) Cousins is entitled to qualified immunity.

The magistrate judge issued a report and recommendation (MJRR), recommending that the motion be granted because Perry did not engage in protected

conduct as a matter of law. (Doc. 47). The magistrate judge did not address Cousin's arguments regarding causation or qualified immunity.

The Court rejected in part and adopted in part the MJRR. The Court found that Perry engaged in protected conduct but there was no genuine issue of material fact that Cousins would have issued the misconduct ticket regardless of Perry's protected conduct; in other words, there was no causation. Thus, Court disagreed with the magistrate judge's analysis but agreed with the ultimate conclusion. See Doc. 52.

Before the Court is Perry's, now proceeding pro se, "Motion for Excusable Neglect Pursuant to Fed. R. Civ. P. 60(b)." For the reasons that follow, the motion is DENIED.

II.

"Rule 60(b) allows a party to seek relief from a final judgment, and request reopening of his case, under a limited set of circumstances including fraud, mistake, and newly discovered evidence." Gonzalez v. Crosby, 545 U.S. 524, 528 (2005). Specifically, Rule 60(b) provides:

> On motion and just terms, the court may relieve a party or its legal representative from a final judgment, order, or proceeding for the following reasons:
> (1) mistake, inadvertence, surprise, or excusable neglect;
> (2) newly discovered evidence that, with reasonable diligence, could not have been discovered in time to move for a new trial under Rule 59(b);
> (3) fraud (whether previously called intrinsic or extrinsic), misrepresentation, or misconduct by an opposing party;
> (4) the judgment is void;
> (5) the judgment has been satisfied, released or discharged; it is based on an earlier judgment that has been reversed or vacated; or applying it prospectively is no longer equitable; or
> (6) any other reason that justifies relief.

Fed. R. Civ. P. 60(b).

III.

Perry is not entitled to relief under Rule 60(b) because the motion is untimely.

Based on the title of his motion, Perry is seeking relief under 60(b)(1), which provides for relief from a final judgment based on "mistake, inadvertence, surprise, or excusable neglect." A Rule 60(b)(1) motion is normally required to be filed within one year of the challenged judgment. Fed. R. Civ. P. 60(c)(1). However, a "60(b)(1) motion based on legal error must be brought within the normal time for taking an appeal." Yarbrough v. Warden, Lebanon Corr. Inst., No. 16-4083, 2017 WL 3597427, at * 2 (6th Cir. May 25, 2017), cert. denied sub nom. Yarbrough v. Schweitzer, 138 S. Ct. 333 (2017). The time to appeal a civil action is thirty days after entry of the judgment. Fed. R. App. P. 4(a)(1)(A).

Here, Perry says that the Court committed a legal error in granting summary judgment to Cousins inasmuch as he wants the Court to reconsider certain "facts" and "evidence" which he says calls for his claim to proceed to trial. As such, the motion had to be filed within the 30 day time period for filing an appeal. The Court adopted the MJRR and entered a judgment on May 9, 2018. Perry had 30 days, or until June 9, 2018, to file a Rule 60(b)(1) motion. The motion, signed and dated March 3, 2019, is untimely.

Moreover, even assuming the motion was timely, nothing in Perry's motion convinces the Court that it erred in its decision or that Perry is otherwise entitled to relief under Rule 60(b).

SO ORDERED.

        S/Avern Cohn
        AVERN COHN
        UNITED STATES DISTRICT JUDGE

Dated: 4/1/2019
    Detroit, Michigan